**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2327

RONALD LEE COOK,

Plaintiff - Appellant,

versus

KRAFT FOODS GLOBAL, INCORPORATED; ALTRIA
GROUP, INCORPORATED; THOMAS CARLYLE,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (CA-05-576-3-RLW)

Submitted:  May 22, 2006              Decided:  June 8, 2006

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronald Lee Cook, Appellant Pro Se. King Fitchett Tower, Durward
Earl Baggett, IV, WILLIAMS MULLEN, Richmond, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ronald L. Cook appeals from the district court's order denying his motion to remand and dismissing his complaint for failure to state a claim. We have reviewed the record and the arguments of the parties, and we affirm the denial of the motion to remand and the dismissal of Cook's retaliatory discharge claim for the reasons stated by the district court from the bench. (See Hearing Transcript at 14-17).

Regarding Cook's common law tort claims, the district court did not specify a reason for dismissing these claims. However, while the liberal pleading requirements of Fed. R. Civ. P. 8(a) demand only a "short and plain" statement of the claim, a plaintiff must often offer more detail than the bald statement that he has a valid claim of some type against the defendant. Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001). "The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" do not support the legal conclusion. Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001) (dismissing Fourteenth Amendment claims where complaint alleged deliberate indifference but included no facts to support allegation).

In Cook's complaint, he asserted that his employer committed "grievous" torts by "committing perjury, slander, accusing the plaintiff of filing a false workers compensation

claim, malingering, ploys, and has allowed Personnel Manager Thomas Carlyle to carry out a personal vendetta." Cook offered no facts, dates, or details to support his claims either in his complaint, in response to the motion to dismiss, or on appeal. Accordingly, we hold that the district court did not err in dismissing these causes of action.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED